74 F.3d 1234
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Bernard WATLINGTON, Defendant-Appellant.
 No. 95-5542.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 14, 1995.
Decided Jan. 9, 1996.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr., First Assistant United States Attorney, Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edward Bernard Watlington appeals the revocation of his supervised release term and imposition by the district court of the maximum term of imprisonment for his conviction, on a guilty plea, of the charge of possession of a firearm by a felon, in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West Supp.1994). Watlington's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the revocation of Watlington's supervised release term was an abuse of discretion, and that the sentence imposed by the district judge was unduly harsh, but concluding that there were no meritorious grounds for appeal. Watlington was notified of his right to file an additional brief, which he failed to do.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that the district court was well within its discretion to revoke Watlington's term of supervised release based on his stipulated violations of the conditions of such release, including several instances of possession of a controlled substance. See 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995); United States v. Copley, 978 F.2d 829, 831 (4th Cir.1992). Moreover, the court's revocation decision was not unduly harsh given the absence of persuasive evidence that Watlington would not continue to violate the conditions of his release. Finally, we find that Watlington's original sentence was properly calculated within the applicable guideline range. As such, the district judge's imposition of a sentence within that range does not state an appealable question under 18 U.S.C.A. Sec. 3742 (West 1985 & Supp.1995). See United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990).
 
 
 3
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED